IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
SEP 10 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

CHARLES C. HARBISON,

    Petitioner,

v.                               Civil Action No. 3:06CV531

GENE JOHNSON,

    Respondent.

**MEMORANDUM OPINION**

Charles C. Harbison, a Virginia prisoner proceeding with counsel, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. On October 2, 2006, after Respondent had filed an answer and a motion to dismiss, Harbison moved to dismiss his petition without prejudice. By Order entered on October 5, 2006, the Court granted Harbison's request and dismissed his petition without prejudice. (ECF No. 12.) In granting that request, the Court warned Harbison that, "[i]n the event the petitioner re-files, . . . the re-filed petition will not be counted as a successive petition, but will be subject to any applicable [Antiterrorism and Effective Death Penalty Act] time contraints." (Id. at 1.)

On July 15, 2014, Harbison, by counsel, filed a "MOTION TO REOPEN CASE 3:06CV531." ("Motion to Reopen, ECF No. 13.) In the Motion to Reopen, Harbison cites no statute or rule of civil procedure that authorizes a motion to reopen. On July 22, 2014,

Gene Johnson filed his opposition to Harbison's Motion to Reopen. (ECF No. 15.) Johnson notes that, to the extent that Harbison seeks to obtain relief under Federal Rule of Civil Procedure 60(b), he fails to satisfy the prerequisites for that rule.

On July 24, 2014, Harbison filed his Reply wherein he states that, he "is moving to reopen the case administratively; he is not moving for relief from judgment pursuant to Rule 60." (Reply 1.) In support of this position, Harbison cites the Court to Penn-Am. Ins. Co. v. Mapp, 521 F.3d 290 (4th Cir. 2008) ("Penn-Am."). In that case, Penn-Am. initiated a declaratory judgment proceeding "seeking declarations, inter alia, that it had no duty to defend or indemnify its insured, ACH, against tort claims being pursued by Mapp in Virginia state court." Id. at 291-92. "[T]he district court resolved the duty to defend issue in favor of ACH, but withheld ruling on the indemnification issue. The court then dismissed the proceeding from its 'active docket,' subject to reinstatement upon 'motion by any party.'" Id. at 292 (quoting Penn-Am. v. Mapp, 461 F. Supp. 2d 442, 459 (E.D. Va. 2006)). The United States Court of Appeals for the Fourth Circuit characterized the District Court's action as an "administrative closing," subject to reinstatement to the active docket of the District Court upon a proper motion from any party. Id. at 296.

Harbison's § 2254 action was not administratively closed or simply removed from the active docket. The action was dismissed without prejudice at which time the Court informed Harbison that he would need to refile his petition for a writ of habeas corpus if he wished to again litigate the matter. See Miller v. Underwood, No. 89-6688, 1990 WL 2277, at *1 (4th Cir. Jan. 5, 1990) (emphasizing that a "habeas petition voluntarily dismissed could not be reactivated" (citing Long v. Bd. Pardons & Paroles, 725 F.2d 306 (5th Cir. 1984))). Accordingly, Harbison's Motion to Reopen (ECF No. 13) will be denied. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to counsel of record.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: September 9, 2014
Richmond, Virginia